ALBANY,
Oct. 1828.

Hartness
v.
Purcell.

---

HARTNESS, executor, &c. of HARTNESS, *ads.* PURCELL.

MOTION to vacate an order to hold to bail. In this case, An *executor*
the defendant was holden to bail in a suit against him as *ex-* may be holden
to bail in a case
of *devastavit.*
A refusal to apply assets to the payment of debts, does not amount to a devastavit; nor does a
declaration of an intention to leave the country and not to return, justify an order to hold to bail.

*ecutor,* for the recovery of monies owing by the testator in pursuance of a judge's order, on an affidavit that the defendant had possessed himself of the personal property of the testator, collected debts due to him, and refused to appropriate the same to the payment of the debts owing by the testator ; that he had expressed a determination to leave the country in defiance of the creditors of the testator, and that the plaintiff believed it was the intention of the defendant to defraud the creditors of the testator ; that the defendant had not proved the will of testator, nor taken out letters of administration. A motion was now made to vacate the judge's order, to set aside the arrest, and to direct the bail bond to be delivered up to be cancelled. In opposition to the motion, supplementary affidavits were exhibited, supporting the original affidavit, and shewing facts to raise the inference that the bail to the sheriff had been indemnified ; and further shewing, that since the judge's order had been obtained, the defendant had proved the will of the testator, and assumed the execution of the same as executor. In support of the motion, it appeared that in the declaration served in the cause, the defendant was not charged with a *devastavit.*

*J. Willard,* for defendant. The object of bail is to give the plaintiff a control over the person of the defendant. In this case, the order to hold to bail is useless, as a *ca. sa.* could not legally issue against the defendant ; consequently, the bail could not be made liable. A *devastavit* is not charged in the declaration. The plaintiff's remedy, if any, was by writ of *ne exeat;* but even that he was not entitled to ask, under the circumstances of this case. (6 *John. Ch. Rep.* 128. 3 *John. Ch. Rep.* 412.) The affidavit on which the order was obtained did not justify the order. (*Archb. Pr.* 50, 51, 52.) The supplementary affidavits cannot be received, as the defendant has not had an opportunity to answer.

*C. L. Tracy,* for plaintiff.

*By the Court,* SUTHERLAND, J. An executor may be holden to bail in case of a *devastavit,* but the facts disclosed here do not make out a devastavit. The refusal to apply

the assets which had come to the hands of the defendant to the payment of the debts of the testator, does not amount to it. The debts are not yet established by judgment of law ; there may be set offs, or the defendant may have a right to retain in satisfaction of a debt due to himself. The declaration of the intention of defendant to leave the country and not to return, is not enough to justify an order to hold to bail, and it may even be questionable, whether it would warrant the allowance of a *ne exeat.* As to the indemnity of the bail, if a clear case had been shewn, the court might have sustained the order ; the fact, however, is not satisfactorily shewn, and the defendant has not had an opportunity to answer in this respect. The motion is granted, but without costs.